**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| JANE DOE,<br><br>    Plaintiff,<br><br>      v.<br><br>U.S. CITIZENSHIP & IMMIGRATION SERVICES, *et al.*,<br><br>    Defendants. | Civil Action No. 26-1336 |

## MEMORANDUM OPINION AND ORDER

Noncitizens living in the United States need work authorization to hold a job. See ECF No. 1 (Compl.), ¶ 1. That authorization periodically expires for some classes of immigrants, who must apply to U.S. Citizenship and Immigration Services for renewal. Id. Those renewals, however, often take a long time to process. Id., ¶ 2. In the meantime, an immigrant's work authorization can expire, cutting off her ability to support herself and her family. Since 2016, U.S.C.I.S. has therefore automatically extended work authorization when a previously authorized immigrant applies for renewal, letting the immigrant keep working while she waits for the agency to process her application. Id. Last year, however, the agency issued an interim final rule that scrapped those automatic extensions. Id., ¶ 3.

Enter Jane Doe, a Mexican citizen who has lived in the United States for almost ten years. Id., ¶¶ 4, 60. She initially received work authorization because she had married a U.S. citizen. Id., ¶ 60. He abused her, however, so she left him and successfully petitioned for work authorization under the Violence Against Women Act, id., which grants such authorization to aliens whose American spouses "battered" them or "subject[ed them to] extreme cruelty." 8

1

U.S.C. § 1154(a)(1)(A)(iii), (a)(1)(K).  That authorization will expire this June.  See Compl.,

¶ 11.  Doe has applied for a renewal, but she worries that — thanks to the new rule eliminating

automatic extensions — her work authorization will expire before her application is processed.

She has therefore sued to vacate that rule as contrary to the Administrative Procedure Act.  Id.,

¶¶ 73–80; id. at 23.

Before the merits of her challenge can be heard, this Court must first decide Doe's

Motion to Proceed Under a Pseudonym.  See ECF No. 2 (Mot.).  For the reasons below, it will

grant the Motion.

## I.    Legal Standard

Generally, a complaint must identify the plaintiffs.  See Fed. R. Civ. P. 10(a);

LCvR 5.1(c)(1), 11.1.  That requirement reflects the "presumption in favor of disclosure [of

litigants' identities], which stems from the 'general public interest in the openness of

governmental processes,' and, more specifically, from the tradition of open judicial proceedings."

In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal Found. v. U.S.

Sentencing Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)).  A party moving to proceed

pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such

secrecy, and identifying the consequences that would likely befall it if forced to proceed in its

own name."  In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020).  As a result, the court must

"'balance the litigant's legitimate interest in anonymity against countervailing interests in full

disclosure'" by applying a "flexible and fact driven" balancing test.  Id. (quoting Sealed Case,

931 F.3d at 96).  That test assesses "five non-exhaustive factors":

> (1)  whether the justification asserted by the requesting party is merely to avoid the
> annoyance and criticism that may attend any litigation or is to preserve privacy in a
> matter of a sensitive and highly personal nature;

2

(2)  whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;

(3)  the ages of the persons whose privacy interests are sought to be protected;

(4)  whether the action is against a governmental or private party; and relatedly,

(5)  the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (cleaned up).

## II.    Analysis

Start with whether Plaintiff is trying to protect "a matter of a sensitive and highly personal nature."  Id. at 326 (cleaned up).  She is.  Doe's Complaint reveals that she has work authorization because she suffered domestic violence at the hands of her former husband — who is the father of her daughter.  See Compl., ¶¶ 11, 19, 60.  That is a deeply personal and sensitive matter.  Indeed, Doe has submitted a declaration attesting that she "ha[s] told only [her] closest friends and certain immediate family members about the abuse that [she] experienced during [her] marriage."  ECF No. 2-2 (Jane Doe Declaration), ¶ 12.  She has not even told her daughter, and she "would like to control how and when [her] daughter finds out that [Doe] experienced abuse during [her] marriage to her [daughter's] father."  Id., ¶ 13.  Doe would lose that ability if forced to reveal her name here.  Plaintiff understandably does not want to be forced to choose between vindicating her rights in court and keeping this sensitive matter private.  The first factor exists so that she does not have to make that choice; it tips in her favor.

As for the second factor, Doe says that if she is identified as an immigrant suing the Trump Administration, she will face retaliation —from "members of the public" who might harass or physically harm her, from her employer, or from officials who might arrest and detain her. Id., ¶¶ 15–18.  Plaintiff does not substantiate those worries, however, with any reason to believe they will come to pass.  The Court is thus left with her — quite understandable —

3

anxiety, but no credible reasons to believe those trepidations rise to the level of a real risk. This factor therefore cuts against pseudonymity.

Plaintiff concedes that the third factor — the ages of anyone whose privacy interests might be affected — does not favor her, since she is an adult. See Mot. at 4 n.1.

Neither does the fourth factor. As Plaintiff points out, this factor usually weighs toward pseudonymity when a party sues the Government. Id. at 8; J.W. v. District of Columbia, 318 F.R.D. 196, 201 (D.D.C. 2016). On the other hand, it flips against pseudonymity when the plaintiff seeks programmatic (as opposed to individual) relief, because the "public interest is intensified where . . . the party asking to proceed anonymously seeks to alter the operation of public law." In re Sealed Case, 971 F.3d at 329. Doe seeks such programmatic relief here. She asks a court to vacate U.S.C.I.S.'s interim final rule, see Compl. at 23, which would set the rule aside for everyone, everywhere. See District Court Reform: Nationwide Injunctions, 137 Harv. L. Rev. 1701, 1712–13 (2024); Nat'l Mining Ass'n v. U.S. Army Corps of Eng'rs, 145 F.3d 1399, 1409 (D.C. Cir. 1998). The public has a strong interest in learning who seeks such a sweeping change to the nation's public law. Still, that "is just one of five non-exclusive considerations for courts to weigh in deciding whether pseudonymity is warranted." Doe v. Hill, 141 F.4th 291, 300 (D.C. Cir. 2025).

The fifth factor favors Plaintiff's Motion. It asks whether letting Plaintiff proceed pseudonymously will prejudice Defendant. Since Plaintiff has already disclosed her identity to the Government under seal, see Mot. at 9, letting her remain pseudonymous to the public (and the public alone) will not hinder the Government's ability to defend itself in this lawsuit. Doe v. ICE, No. 24-617, ECF No. 9 (Mem. Op.) at 5 (D.D.C. Mar. 8, 2024).

4

Viewing the five factors as a whole, they favor pseudonymity.  While three fall in the column against Plaintiff's Motion and only two favor it, the test does not reduce to arithmetic. Instead, it requires weighing all factors qualitatively and holistically.  See In re Sealed Case, 971 F.3d at 326 ("This balancing test is necessarily flexible and fact driven."); Doe Corp. 1 v. Inter-Am. Dev. Bank, No. 25-1404, ECF No. 12 (Mem. Op. & Order) at 3 (D.D.C. July 30, 2025) (test is "holistic balancing").  Here, forcing Plaintiff to reveal her identity would disclose to the whole world a sensitive, personal, and traumatic experience that she has not even told her own daughter about.  Letting her vindicate her rights while remaining pseudonymous will not prejudice Defendant.  The overall balance of the factors therefore favors pseudonymity.

The Court accordingly ORDERS that:

1. Plaintiff's [2] Motion to Proceed Under Pseudonym is GRANTED, subject to any further consideration by the United States District Judge to whom this case is randomly assigned;

2. All parties shall use the pseudonyms listed in the Complaint in all documents filed in this action; and

3. Within fourteen days of this Order, Plaintiff shall file:

    i. A pseudonymous version of her [2] Motion on the public docket; and

    ii. A sealed declaration containing her real name and residential address.

/s/ James E. Boasberg
JAMES E. BOASBERG
Chief Judge

Date:  May 15, 2026