**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JANE DOE, | |
| *Plaintiff*, | |
| v. | Civil Action No. 26-1336 |
| U.S. CITIZENSHIP AND IMMIGRATION SERVICES, et al., | |
| *Defendants*. | |

**SECOND DECLARATION OF JANE DOE**

I, Jane Doe, declare as follows:

1.      I am the plaintiff in the above captioned case, which I am bringing to challenge a new United States Citizenship and Immigration Services (USCIS) rule that puts me at substantial risk of losing my legal authorization to work in the United States.

2.      I am a single mother and depend on my work authorization to support myself and my daughter. I am extremely concerned that, because of the new rule, I will very soon lose the ability to work legally.

3.      I was born in and am a citizen of Mexico. I first came to live in the United States in 2016 after meeting my former husband, a U.S. citizen. We married in January 2017, and I gave birth to my daughter in June of that year.

4.      In December 2017, my then-husband and I submitted paperwork for family-based immigration relief, seeking adjustment of status (a green card) on my behalf based on my marriage to a U.S. citizen.

5.      In May 2018, USCIS issued me a work permit in the C9 category, based on my pending request for adjustment of status.

1

6.      After the birth of our child, my former husband became abusive. We later separated, and my former husband died in 2024.

7.      In 2020, I filed a petition for immigration relief under the Violence Against Women Act (VAWA), using a provision of the law that allows individuals, like me, who have experienced domestic violence at the hands of a U.S. citizen to seek safety and legal status independently, without relying on or notifying their abuser.

8.      In March 2022, USCIS approved my petition for immigration relief under VAWA, which is a permanent immigration status in the United States.

9.      In 2022, USCIS issued me a new work permit in the C31 category, which was tied to my approved VAWA petition. This work permit had an expiration date in March 2024.

10.     Four months before my first VAWA-based work permit was due to expire, I filed an application for renewal with USCIS. By the printed expiration date of that work permit in March 2024, USCIS had not yet adjudicated my renewal application. But under a USCIS rule that was then in place, my work permit was automatically extended by 540 days (i.e., until around late August 2025). I was therefore able to continue to work, without any interruption due to a lapse in work authorization.

11.     The receipt notice that USCIS sent me in November 2023 stated that applicants eligible for an automatic extension, like me, could "present this notice to an employer with [an] expired EAD … for employment eligibility verification (Form I-9) purposes." A true and correct copy of the first page of that receipt notice, with redactions made to protect my personally identifiable information, is attached as Exhibit A.

12.     USCIS eventually renewed my work permit in June 2024, three months after the original printed expiration date on my previous work permit. I am currently working under the work permit issued in June 2024, but it is set to expire on June 23, 2026.

13.     In June 2025, I filed a new petition for adjustment of status, along with an application for a new work permit in the C9 category. USCIS took more than six months to acknowledge receipt of that application, and it has yet to process or adjudicate my request for a C9 work permit.

14.     I applied to renew my current VAWA-based work permit on November 19, 2025, eight months before the printed expiration date. I applied earlier than I would have otherwise because, after hearing about the new rule, I was concerned that USCIS would not process my application before my work permit expires.

15.     Unlike the last time I applied for renewal, the receipt notice that I was sent by USCIS did not grant any extension of my current work authorization. Instead, it states: "This Notice of Action Receipt Notice is not evidence of employment authorization and cannot be used by itself or in conjunction with an expired Employment Authorization Document (EAD) as proof of employment authorization." A true and correct copy of the first page of that document, with redactions made to protect my personally identifiable information, is attached as Exhibit B.

16.     The receipt notice that USCIS sent me to acknowledge my application for a renewed VAWA-based work permit indicates that my application will be processed at the SCOPS Texas Facility.

17.     As of the date of this declaration, USCIS has not yet adjudicated my VAWA-based work permit renewal application.

3

18.     Since 2020, I have worked as a Spanish-English interpreter. I provide interpretation in a variety of contexts, often involving the banking, insurance, government, education, and medical sectors. I do this work as an independent contractor for two separate companies.

19.     I also work as an on-call substitute teacher. Throughout the school year, I am called to teach at local charter schools, particularly at the elementary grade level. I tend to substitute a few times a week, but in 2025, I secured a long-term substitute position, teaching first graders for months at a time. I would like to secure a long-term substitute teaching position again. This substitute teaching job, which I do as an employee through a company, allows me to work during the hours that my daughter is at school and provides us with money to cover some living expenses.

20.     Due to financial need, and because I enjoy teaching and working with students, I recently began another part-time position as a tutor, focusing on tutoring for elementary grade-level students.

21.     When I applied for this new tutoring job, I was required to inform the company of the expiration date of my work permit and submit a copy as proof of my authorization to work. To continue in my role as a substitute teacher, I will also be asked to submit proof of my ongoing authorization to work before the beginning of the next school year. And I will need to submit proof of ongoing work authorization to continue my contracting work with the two translation companies, as well.

22.     I am the sole breadwinner of my family. While my daughter receives Social Security survivor benefits on account of her father's death, this money goes towards covering rent and utilities costs. Otherwise, I am the only source of income to provide for my daughter's needs, as well as my own.

23.     I currently receive a childcare subsidy through Workforce Solutions, a state-supported program that provides childcare support for working parents with certain income limits like me. That subsidy is linked to my ability to work. To continue receiving support, I am required to submit proof of income and to work at least 25 hours per week, as well as to notify the agency of any changes in my employment status. During the previous two summers, I have suspended this subsidy during my child's summer breaks, while my daughter is not in school and while I am not substitute teaching. Yet, to restart this subsidy for the next school year, and to continue my daughter's access to after-school-care, Workforce Solutions will require me to resubmit information verifying that I am employed and continue to meet all work-based eligibility requirements.

24.     In addition, my health insurance is dependent on my ability to make a certain amount of money per month. I buy health insurance on the state exchange, and I am only able to afford the healthcare coverage I have due to income-based subsidies. Were I to lose my jobs and thus my sources of income, I would not be able to maintain my current healthcare coverage.

25.     My understanding is that I will lose the ability to legally work on the expiration date printed on my work permit, June 23, 2026, as USCIS will likely not be able to adjudicate my renewal application by that time. If I lose my legal work authorization, I will lose my current work as an interpreter, substitute teacher, and tutor. If this situation materializes, I will be unable to fully support my daughter and myself.

26.     I am deeply concerned that if I lose these jobs due to a gap in my work authorization, I will not be able to obtain these positions again, or secure as desirable work arrangements. In particular, I am worried that I will lose out on long-term substitute teaching opportunities, which may arise during a gap in my work authorization this summer, and for which

I will need to maintain continuous work authorization. I loved my previous position as a long-term substitute teacher for first graders, which was professionally fulfilling and provided a much-needed steady source of income for me and my daughter. Because I do not have any other sources of income besides these jobs, I am afraid that there will be harmful and permanent consequences on my and my daughter's lives.

Executed this <u>12</u> day of May, 2026.

I declare under penalty of perjury that the foregoing is true and correct.


*/s/ Jane Doe*
Jane Doe*

* Counsel hereby certifies that she has an unaltered, signed copy of the foregoing document.

# EXHIBIT A

## THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT.

| Receipt Number | | Case Type |
|---|---|---|
| ████████████ | | I765 - APPLICATION FOR EMPLOYMENT AUTHORIZATION |
| Received Date 11/13/2023 | Priority Date | Applicant ████████████████ |
| Notice Date 11/21/2023 | Page 1 of 2 | Beneficiary ████████████ |

**Notice Type:** Receipt Notice
Fee Waived
Class requested: C31

We have received the application or petition ("your case") listed above. This notice only shows that your case was filed on the "Received Date" listed above. It does NOT grant you any immigration status or immigration benefit, and it is not evidence that your case is still pending. We will notify you in writing when we make a decision on your case or if we need additional information.

Please save this and any other notices about your case for your records. You should also keep copies of anything you send us, as well as proof of delivery. Have these records available when you contact us about your case.

**If any of the information in your notice is incorrect or you have any questions about your case,** you can connect with the USCIS Contact Center at www.uscis.gov/contactcenter or ask about your case online at www.uscis.gov/e-request. You will need your Alien Registration Number (A-Number) and/or the receipt number shown above.

You can receive updates on your case by visiting www.uscis.gov/casestatus to get the latest status or you can create an account at my.uscis.gov/account and receive email updates for your case.

**Automatic Employment Authorization Document (EAD) Extension** - This notice, by itself, does not grant any immigration status or benefit, nor is it evidence that this case is still pending. However, if you are eligible, you may to use this notice in conjunction with your facially expired Form I-766, Employment Authorization Document (EAD), as proof of an automatic extension of employment authorization and/or EAD, as applicable.

You are eligible for an automatic extension of your employment authorization and/or EAD if:
- You have timely and properly filed to renew your current employment authorization and/or EAD;
- Your EAD renewal request is under a category that is eligible for an automatic extension (see uscis.gov/eadautoextend for a list of eligible categories);
- The category on your current EAD matches the "Class Requested" listed on this notice (if you are a Temporary Protected Status (TPS) beneficiary or applicant, your EAD and this notice must contain either the A12 or C19 class, but they do not need to match each other); and
- Your EAD renewal application is still pending with USCIS when your current EAD expires.

If eligible, you may present this notice to an employer with your expired EAD (and Form I-94, Arrival/Departure Record, if applicable) for employment eligibility verification (Form I-9) purposes.

If eligible, your automatic extension is for up to 180 days from the expiration date printed on the front of your EAD. If we deny your EAD renewal application, the automatic extension immediately ends, and you can no longer present this notice to your employer for Form I-9 purposes. If your EAD is also your Advance Parole document, the automatic extension does not apply to advance parole.

If you are applying to renew A17, A18, or C26 employment authorization and you are relying upon the automatic extension to demonstrate your employment authorization during the automatic extension period, you must show this receipt notice, an unexpired I-94 showing valid E, L-2, or H-4 status, and a facially expired A17, A18, or C26 EAD that matches this receipt notice. Your EAD automatic extension terminates the earliest of: the end date on your I-94, the date we adjudicate this application, or 180 days after the expiration date on your EAD.

For more information, please see our website at uscis.gov/eadautoextend.

**Processing time** - Processing times vary by form type.

- Visit www.uscis.gov/processingtimes to see the current processing times by form type and field office or service center.
- If you do not receive an initial decision or update within our current processing time, you can try our online tools available at www.uscis.gov/tools or ask about your case online at www.uscis.gov/e-request.
- When we make a decision on your case or if we need something from you, we will notify you by mail and update our systems.

You can receive updates on your case.

- Visit the Case Status Online website at www.uscis.gov/casestatus. Provide your receipt number and get the latest update on your case.

Please see the additional information on the back. You will be notified separately about any other cases you filed.

USCIS encourages you to sign up for a USCIS online account. To learn more about creating an account and the benefits, go to https://www.uscis.gov/file-online.

Vermont Service Center
U.S. CITIZENSHIP & IMMIGRATION SVC
38 River Road
Essex Junction VT 05479-0001

USCIS Contact Center: www.uscis.gov/contactcenter

If this is an interview or biometrics appointment notice, please see the back of this notice for important information.      Form I-797C  10/13/21

# EXHIBIT B

Department of Homeland Security
U.S. Citizenship and Immigration Services

**Form I-797C, Notice of Action**

## THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT.



| NOTICE TYPE | NOTICE DATE |
|---|---|
| Receipt | November 21, 2025 |

| CASE TYPE | USCIS ALIEN NUMBER |
|---|---|
| I-765, Application for Employment Authorization | |

| RECEIPT NUMBER | RECEIVED DATE | PAGE |
|---|---|---|
| | November 19, 2025 | 1 of 1 |
| | | DATE OF BIRTH |

**PAYMENT INFORMATION:**

| | |
|---|---|
| Application/Petition Fee: | $0.00 |
| Total Amount Received: | $0.00 |
| Total Balance Due: | $0.00 |

NAME AND MAILING ADDRESS

**Eligibility Category: C31**

We have received your form and are currently processing it. We will notify you separately about any other form you filed. If we determine you must submit biometrics, we will mail you a biometrics appointment notice with the time and place of your appointment. If you have questions or need to update your personal information listed above, please visit the USCIS Contact Center webpage at uscis.gov/contactcenter to connect with a live USCIS representative in English or Spanish.

This Notice of Action Receipt Notice is not evidence of employment authorization and cannot be used by itself or in conjunction with an expired Employment Authorization Document (EAD) as proof of employment authorization.

**USCIS Office Address:**

USCIS
SCOPS TEXAS FACILITY
6046 N Belt Line Rd.
Irving, TX 75038-0001

**USCIS Contact Center Number:**

(800)375-5283
ATTORNEY COPY

---

If this is an interview or biometrics appointment notice, please see the back of this notice for important information.    Form I-797C    10/13/21